**In the Matter of Edgardo J. Martinez SUAREZ, Respondent.**

**No. 29S00–1212–DI–679.**

Supreme Court of Indiana.

April 2, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On June 26, 2006, a bank notified the Commission of an overdraft on Respondent's trust account. Respondent first told the Commission that the overdraft was a "mistake," but in next three years of communication with the Commission, he could not adequately explain the reason for the overdraft or account for trust account funds. At the Commission's insistence, Respondent retained a CPA to do an audit of the account in 2009, but the CPA could not perform an audit due to lack of documentation. The Commission then undertook an in-house audit of Respondent's trust account, which revealed numerous violations of the rules cited below. The violations, which took place from 2006 through 2012, included at least six instances of paying personal and business expenses from the trust account, 55 instances of disbursing funds in excess of the amount held in trust for each corresponding client, and making 14 cash withdrawals. However, because Respondent kept more than a nominal amount of per-

sonal funds in the trust account, the disbursements did not cause Respondent to invade client funds.

The parties cite the following fact in aggravation: Respondent's acts are a pattern of trust account mismanagement that continued through October 2012. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent's acts were not a product of a dishonest or selfish motive; and (3) there is no evidence that any client suffered pecuniary loss.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rules:

1.15(a): Failure to maintain and preserve complete records of client trust account funds, and paying personal expenses directly from a trust account.

1.15(b): Failure to timely withdraw earned fees and personal monies from client trust account funds.

Ind. Admission and Discipline Rules:

23(29)(a)(2) and (3): Failure to maintain proper records for trust account activities.

23(29)(a)(4): Commingling client funds with other funds of the attorney and failing to maintain sufficiently detailed trust account records.

23(29)(a)(5): Making cash withdrawals from a trust account, making withdrawals from a trust account by checks payable to "bearer," and making withdrawals from a trust account without written withdrawal authorization.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning on the date of this order, all stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent will maintain his trust account consistent with the practices set forth in a document entitled "Trust Account Management: Handling Client and Third Party Funds."

(2) Respondent's trust account will be monitored by a Certified Public Accountant approved by the Commission, who will make quarterly reports to the Commission.

(3) If Respondent violates his probation, the Commission will petition to revoke his probation. If his probation is revoked, the stayed suspension be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

this order in the bound volumes of this Court's decisions.

All Justices concur.